## CHARLES M. MURDEN *vs.* WILLIAM A. RUSSELL.

TRESPASS—PLEADINGS—REPLICATION DE INJURIA.

In an action for trespass by assault, and by the removal of plaintiff's houseboat from a beach, where defendant pleaded in justification that the title to the beach was in a town, and that as the agent of the town he removed the boat, as he lawfully might do, a replication *de injuria* was demurrable, since that replication is proper only where matters in excuse are pleaded, and not when justification or claim of title or interest in land is pleaded.

(*March* 8, 1915.)

Judges BOYCE and HEISEL sitting.

*Aaron Finger* for *Robert H. Richards*, for plaintiff.

*Caleb S. Layton, Jr.*, for *Marvel, Marvel and Wolcott*, for defendant.

Superior Court, New Castle County, March Term, 1915.

See case of *Murden v. Commissioners of Lewes*, *post*.

ACTION OF TRESPASS (No. 90, September Term, 1914), brought by Charles M. Murden against William A. Russell to

recover damages for an alleged assault, and further for pushing and moving a houseboat (occupied by the plaintiff, he being ill) containing certain personal property of the plaintiff, from the beach, at Lewes, Sussex County, to and into the waters upon which the beach abutted, and for other wrongs to the plaintiff.

By the several pleas, it was averred, *inter alia*, in substance, that at the time of the commission of the alleged trespass, the houseboat, containing personal property, was lying on certain beach, or public and vacant land within the corporate limits of the Town of Lewes, vested in the commissioners of Lewes with jurisdiction over the same; that the commissioners of Lewes did prior to the commission of the alleged trespass notify the plaintiff that the houseboat was unlawfully on said beach, and notified him to remove the houseboat from the land or beach which he wholly refused to do; whereupon the defendant on behalf of and as the agent of the commissioners of Lewes did gently remove the houseboat from off said land or beach into the water as he lawfully might do.

To each of the pleas of the general character as indicated above, the plaintiff filed replication *de injuria*. The defendant filed a special demurrer, and urged that the replication *de injuria* is proper only in reply to a plea in excuse, and is improper when the defendant in his own right, or as servant to another, claims any interest in land, etc. *Crogate's case*, 8 *Coke*, 66; *Stephen's Plead.* 287; 1 *Chitty, Plead.* 595; 1 *Smith's Leading Cases*, 185; *Taverna v. Churchill*, 77 *N. J. Law*, 430, 72 *Atl.* 43; *Plum v. McCrea*, 12 *Johns.* (*N. Y.*) 491.

It was further urged that the replication is bad because there is set up by the defendant's pleas a claim of title by the commissioners of Lewes and the justification of the defendant as their agent. *Cockerill v. Armstrong*, *Willes*, 99, 125 *Eng. Rep.* 1076; *Langford v. Waghorn*, 146 *Eng. Rep.* 1096; *Jones v. Kitchen*, 1 *Bos. & Pul.* 77, 126 *Eng. Rep.* 787.

Plaintiff did not dispute the principles urged in support of the demurrer and left the question of their application to the court.

BOYCE, J., delivering the opinion of the court:

The replication *de injuria* is proper when matters in excuse are pleaded; but when justification, or a claim of title or interest in land, is pleaded the replication must be by way of a special traverse.

The demurrer is sustained.